IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| David I. Smith, | ) | Civil Action No. 0:18-1442-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Warden, Lee Correctional Institution, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 35) recommending that the Court grant Respondent's motion for summary judgment on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 22) and deny Respondent's motion to strike (Dkt. No. 28). For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the Order of the Court, grants Respondent's motion for summary judgment and grants Respondent's motion to strike.

**I.      Background**

In 2012, Petitioner was indicted in Charleston County for attempted murder. Petitioner was represented by a Deputy Public Defender. On July 10, 2014, Petitioner plead guilty to assault and battery of a high and aggravated nature and was sentenced to twenty years' incarceration with credit for time served. Eight days later, plea counsel filed a motion to reconsider the sentence. After a hearing on the motion, the court reaffirmed the sentence. In March 2015, Petitioner filed *pro se* an application for post-conviction relief ("PCR") alleging his plea counsel misadvised him to accept the guilty plea and was ineffective. In August 2016, the PCR court held an evidentiary hearing at which Petitioner was represented by counsel and where he and his plea counsel testified. The PCR court denied and dismissed with prejudice the PCR

application. Petitioner appealed and petitioned for a writ of certiorari under *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988), represented by an Appellate Public Defender. Petitioner also filed *pro se* a response to the petition. The South Carolina Supreme Court denied the petition and the remittitur was issued and filed in Charleston County Court in May 2018.

Petitioner now petitions *pro se* for a writ of federal habeas corpus, raising four grounds for why his state custody is in violation of the United States constitution or federal laws. Respondent moves to dismiss the petition on summary judgment, to which Petitioner responded, Respondents replied, and Petitioner submitted a sur-reply.

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, to survive summary judgment the respondent must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C. **Federal Habeas Relief Pursuant to 28 U.S.C. § 2254**

A state prisoner who challenges matters "adjudicated on the merits in State court" can obtain relief in federal court if he shows that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). The state court's application is unreasonable if it is "objectively unreasonable, not merely wrong." *White v. Woodall*, 572 U.S.

415, 419 (2014). Meaning, the state court's ruling must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state court's determination is presumed correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The state court's decision "must be granted a deference and latitude that are not in operation" when the case is considered on direct review. *Harrington*, 562 U.S. at 101. This is because habeas corpus in federal court exists only to "guard against extreme malfunctions in the state criminal justice systems." *Id.* at 102 (citation and internal quotation marks omitted). Accordingly, pursuant to 28 U.S.C. § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Before the petitioner may pursue federal habeas relief to this standard, he must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). Meaning, the petitioner "must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (abrogated on other grounds by *United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011)). This requires the petitioner to have "fairly present[ed] to the state court both the operative facts and the controlling legal principles associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks omitted). A federal habeas court should not review the merits of claims that would be found to be procedurally defaulted or barred under independent and adequate state procedural rules. *Lawrence v. Banker*, 517 F.3d 700, 714 (4th

Cir. 2008). For a procedurally defaulted claim to be properly considered by the federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

### III. Discussion

#### A. Motion for Summary Judgment (Dkt. No. 22)

After careful review of the R & R, to which Petitioner did not object, as well as the parties' arguments on summary judgment (Dkt. Nos. 22, 26, 27, 32), the Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Respondents should be granted summary judgment.

The Magistrate Judge properly concluded that Grounds One, Two and Four were properly raised and ruled on by the post-conviction relief court and were available for appellate review in Petitioner's *Johnson* appeal. In Ground One, "coercion / duress," Petitioner raises that his guilty plea was the result of plea counsel's advice and threats of conviction. (Dkt. No. 1 at 5-6.) The PCR court considered and rejected this claim on the merits. During his plea colloquy, Petitioner stated he did not need additional time with counsel and was satisfied with his representation. At the evidentiary hearing, the PCR court weighed testimony from Petitioner and plea counsel, credited the plea counsel's statements, and found that Petitioner was not coerced into pleading guilty. Petitioner has not now demonstrated by clear and convincing evidence that this finding was objectively unreasonable.

In Ground Two, Petitioner raises that "counsel was ineffective due to his failure to appeal max sentencing, after a plea bargain." (Dkt. No. 1 at 8.) Generally, to demonstrate ineffective assistance of counsel, a petitioner must show that his counsel was deficient in his representation and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To demonstrate

ineffective assistance of counsel related to a guilty plea, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (internal quotation marks omitted); *see also Harrington*, 562 U.S. at 105 ("Surmounting *Strickland*'s high bar is never an easy task . . . . Establishing that a state court's application of *Strickland* was unreasonable under § 2254 is all the more difficult.") (internal quotation marks and citations omitted). At the evidentiary hearing, the PCR court heard Petitioner and plea counsel's testimony and found that the plea counsel satisfied his duty under *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) and, additionally, that the issue was not before the court for consideration because it was not raised in Petitioner's PCR application. Petitioner has not rebutted that this was a reasonable application of the law or findings of fact.

In Ground Three, Petitioner raises a "Brady violation" in that the letters he wrote to the victim, DNA swab test results and crime scene photos were not provided to him. (Dkt. No. 1 at 9.) This ground is procedurally barred because Petitioner admits that he did not raise the issue in his PCR action nor is the issue reflected in the PCR records. Petitioner contends that he tried to raise a *Brady* violation issue, but was "cut off" by his PCR counsel. Error by PCR counsel may serve as the basis for cause to excuse a procedurally barred ground for habeas relief if "the petitioner's attorney in the first collateral proceeding was ineffective . . . [ ] the petitioner's claim of ineffective assistance of trial counsel is substantial, and [ ] there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing *Martinez v. Ryan*, 556 U.S. 1 (2012)). As the Magistrate Judge concluded, Petitioner has not met the *Martinez* requirements and, moreover, a *Brady* violation by the prosecution would not implicate his counsel's performance. Similarly, in Ground Four, Petitioner raises that his plea counsel refused to

"fight/challenge" and refused to remove himself when Petitioner communicated his desire to change counsel before the plea. (Dkt. No. 1 at 11.) The Magistrate Judge applied a liberal reading of Ground Four to determine that even if it were not procedurally barred, it should be dismissed here because even if plea counsel's failure to allow Petitioner to speak to his family the day of the guilty plea constituted a coerced plea, Petitioner has not demonstrated here that the PCR court's determination was objectively unreasonable.

For these reasons, Respondent's motion for summary judgment is granted.

**B.     Motion to Strike (Dkt. No. 28)**

In response in opposition to summary judgment, Petitioner attached his unsigned affidavit and several supporting records (Dkt. No. 26-1.) Respondent moves to strike these materials as not in the state court record. The Magistrate Judge recommends that Respondent's motion be denied because the documents were not considered in the R & R. Pursuant to 28 U.S.C. § 2254(e)(2), the federal habeas petitioner may expand the state court record only if he now raises "(1) a new rule or constitutional law, made retroactive to cases on collateral review [ ] that was previously unavailable; or (2) a factual predicate that could not have been previously discovered through the exercise of due diligence." *Fielder v. Stevenson*, No. 2:12-cv-00412-JMC, 2013 WL 593657, at *5 (D.S.C. Feb. 14, 2013). Petitioner does not raise these issues here. Some "courts have held that § 2254(e)(2) does not similarly constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults." *Id.* at *3. As noted, Ground Three and, liberally construed, much of Ground Four are procedurally defaulted, and a review of the affidavit and supporting records do not support finding cause or prejudice to excuse these grounds' procedural defaults. Respondent's motion to strike is granted.

## IV. Certificate of Appealability

The governing law provides:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253; *see also* Rule 1(b) Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [28 U.S.C. § 2254]."). A prisoner satisfies the standard by demonstrating that reasonable jurists would find the Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the legal standard for the issuance of a certificate of appealability has not been met because a reasonable jurist would not find it debatable that Petitioner has not demonstrated that the state court's rulings were objectively unreasonable and that Petitioner failed to exhaust his state court remedies. Therefore, a Certificate of Appealability is denied.

## V. Conclusion

For the foregoing reasons, Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R of the Magistrate Judge (Dkt. No. 35) as the Order of the Court. Respondent's motion for summary judgment (Dkt. No. 22) is **GRANTED**, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**, a Certificate of Appealability is **DENIED**, and Respondent's motion to strike (Dkt. No. 28) is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

February 26, 2019
Charleston, South Carolina